Pro Se 2 (Rev. 12/16) Complaint and Request for Injunction

# UNITED STATES DISTRICT COURT
for the
_____ District of _____
_____ Division

| | |
|---|---|
| Jeffrey D. Summers<br>Jeffrey's House, Inc.<br><br>*Plaintiff(s)*<br>*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*<br>-v-<br>Philip Jordan<br>Mark Barbadoro<br>Anthony Marrama<br>Donna R. Pawlak<br><br>*Defendant(s)*<br>*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. _____<br>*(to be filled in by the Clerk's Office)* |

FILED IN CLERKS OFFICE
2020 OCT 22 AM 1:34
U.S. DISTRICT COURT
DISTRICT OF MASS.

## COMPLAINT AND REQUEST FOR INJUNCTION

I. **The Parties to This Complaint**

　A. **The Plaintiff(s)**

　　Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

|   |   |
|---|---|
| Name | Jeffrey D. Summers |
| Street Address | 51 Grace St. |
| City and County | Malden |
| State and Zip Code | Massachusetts, 02148 |
| Telephone Number | 617.680.6247 |
| E-mail Address | sumjeff44@gmail.com |

　B. **The Defendant(s)**

　　Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Pro Se 2 (Rev. 12/16) Complaint and Request for Injunction

Defendant No. 1
- Name: Philip Jordan
- Job or Title (if known): Lieutenant/Fire Prevention Director, City of Fitchburg Fire Prevention Bureau
- Street Address: 84 Village Crossing
- City and County: Fitchburg
- State and Zip Code: Massachusetts, 01420
- Telephone Number: 978-345-9672
- E-mail Address (if known): pjordan@fitchburgma.gov

Defendant No. 2
- Name: Mark Barbadoro
- Job or Title (if known): City Building Commissioner, City of Fitchburg
- Street Address: 627 Old Harvard Rd
- City and County: Boxborough
- State and Zip Code: Massachusetts 01719
- Telephone Number: 978-829-1880
- E-mail Address (if known): mbarbadoro@fitchburgma.gov

Defendant No. 3
- Name: Anthony Marrama
- Job or Title (if known): Chief of Department, City of Fitchburg Fire Department
- Street Address: 115 Summer St.
- City and County: Fitchburg
- State and Zip Code: Massachusetts, 01420
- Telephone Number: 978-345-9660
- E-mail Address (if known): amarrama@fitchburgma.gov

Defendant No. 4
- Name: Donna R. Pawlak
- Job or Title (if known): Assistant Solicitor, City of Fitchburg
- Street Address: 61 Academy St.
- City and County: Fitchburg
- State and Zip Code: Massachusetts, 01420
- Telephone Number: 978-345-5132
- E-mail Address (if known): dpawlak@fitchburgma.gov

Pro Se 2 (Rev. 12/16) Complaint and Request for Injunction

## II. Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

[✔] Federal question          [ ] Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A. If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.
1) Federal Fair Housing Act Sec. 801. [42 U.S.C. 3601] ; 2) Federal Fair Housing Act Sec. 801. [42 U.S.C. 3602] (h) ; 3) Federal Fair Housing Act Sec. 816. [42 U.S.C. 3615] ; 4) Americans with Disabilities Act [42 U.S.C. 126]; 5) Joint Statement of HUD and the DOJ, State and Local Land Use Laws and Practices and the Application of the Fair Housing Act 11.10.16

### B. If the Basis for Jurisdiction Is Diversity of Citizenship

1. The Plaintiff(s)

   a. If the plaintiff is an individual
   
   The plaintiff, *(name)* _____, is a citizen of the State of *(name)* _____.

   b. If the plaintiff is a corporation
   
   The plaintiff, *(name)* _____, is incorporated under the laws of the State of *(name)* _____, and has its principal place of business in the State of *(name)* _____.

   *(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2. The Defendant(s)

   a. If the defendant is an individual
   
   The defendant, *(name)* _____, is a citizen of the State of *(name)* _____. Or is a citizen of *(foreign nation)* _____.

Pro Se 2 (Rev. 12/16) Complaint and Request for Injunction

    b.    If the defendant is a corporation

The defendant, *(name)* _____, is incorporated under the laws of the State of *(name)* _____, and has its principal place of business in the State of *(name)* _____.

Or is incorporated under the laws of *(foreign nation)* _____, and has its principal place of business in *(name)* _____.

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3.    The Amount in Controversy

The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:

## III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the injunction or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A.    Where did the events giving rise to your claim(s) occur?

Fitchburg, Massachusetts

B.    What date and approximate time did the events giving rise to your claim(s) occur?

August 27, 2020

State Court Cases:
15H85CV00622O
15H85CV006221
15H85CV006222

Judge Diana Horan
Worcester Housing Court

Pro Se 2 (Rev. 12/16) Complaint and Request for Injunction

C. What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

Defendants filed Civil Contempt Summons seeking judgement against me and my 501(c)(3) nonprofit organization, Jeffrey's House, Inc. (sober houses), for previously issued order claiming my properties were in violation of certain fire and safety violations requiring the installation of fire sprinkler systems. The tenants of these properties, disabled recovering and non-using drug and alcohol addicts, are protected under the FHA. However, defendants have for over five years attempted to intentionally misclassify these properties as those not serving and housing disabled individuals as 'boarding houses' and "impose restrictions and additional conditions on (sober house) group housing for persons with disabilities that are not imposed on families or other groups of unrelated individuals." (Joint Statement of HUD and the DOJ, State and Local Land Use Laws and Practices and the Application of the Fair Housing Act 11.10.16.)

## IV. Irreparable Injury

Explain why monetary damages at a later time would not adequately compensate you for the injuries you sustained, are sustaining, or will sustain as a result of the events described above, or why such compensation could not be measured.

In the most recent Complaint for Civil Contempt as mentioned above, and for which there is a Worcester Housing Court date of October 28, 2020, plaintiffs seek to, among other actions, "Order the Defendant (Jeffrey Summers and Jeffrey's House, Inc.) to vacate all of the apartments until such time as the Defendant obtains the proper permits and installs the required smoke detectors, fire panels and sprinkler system and obtains an inspection and certificate of approval from the (Fitchburg, MA) Fire Department." This action will effectively close these houses and my business and do irreparable harm to my organization's reputation and ability to serve this community in the foreseeable future.

## V. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

Please see two supplemental pages immediately below.

## Relief

1) We believe that the City of Fitchburg, Massachusetts has, since 2013, violated the Fair Housing Act through these actions at least 12 times and is therefore subject to the following penalties based on the Fair Housing Amendments Act of 1988 (42 U.S.C. 3612(g)(3)) 180.671(a). Please note that the penalties listed after April 15, 2019 are in accordance with the newly published, inflation-adjusted civil penalties for violations. (Adjustment for Civil Monetary Penalty Amounts for 2019 - Department of Housing and Urban Development 24 CFR Parts 28, 30, 87, 180, and 3282.)

Plaintiff: Jeffrey D. Summers and Jeffrey's House, Inc. - Defendant Penalties based on the Fair Housing Amendments Act of 1988

| Date | Violation | Fair Housing Act Civil Penalty | Amount |
|---|---|---|---|
| 12.5.13 | From City of Fitchburg Burnett St. Zoning Violation/Cease and Desist Letter from Building Commissioner | | |
| | Claim of "violation of zoning ordinance: Land and structures at 10 Burnett Pswy, Map 95 Block 73 Lot O, are located in a Residential C District." | No Priors | $20,521.00 |
| | Claim of "violation of zoning ordinance: Presently Land and Structures are being put to the Following use: Primary building on the lot is being put to a non-Confoming use, Use Group R-2 Boarding House) a uSe Prohibited in the Residential C District · Further we can find no evidence that the building has been inspected by the building department for use as a boarding house, Or the granting of a license by the License Commission." | One Prior | $51, 302.00 |
| | Claim of "violation of zoning ordinance: You are hereby ordered to cease and desist from putting your property (rooming/boarding house Section 181.3 13 subsection A. 5) in violation of the Zoning Ordinance forthwith." | Two or More Priors | $102,606.00 |
| 1.22.14 | City of Fitchburg Garnet St. Zoning Violation/Cease and Desist Letter from Building Commissioner | | |
| | Claim that "Land and structures at 33 Garnet St, Map 31 Block 36 Lot O, are located in a Residential B District (Zoning Map of the City of Fitchburg and Chapter 181 , Section 18 1.23 of the General Ordinances of Fitchburg as amended)." | Two or More Priors | $102,606.00 |
| | Claim that "Presently Land and Structures are being put to the Following use: Primary building on the lot is being put to a non-Confoming use, Use Group R-2 Boarding House, a use Prohibited in the Residential B District. Further we can find no evidence that the building has been inspected by the building department for use as a boarding house, or the granting of a license by the License Commission.' | Two or More Priors | $102,606.00 |
| | Claim that "You are hereby ordered to cease and desist from putting your property (rooming/boarding house Section 1 8 1.3 13 subsection A. 5) in violation of the Zoning Ordinance forthwith. | Two or More Priors | $102,606.00 |
| 3.18.14 | City of Fitchburg Filed Court Complaint through Building Commissioner - Burnett St. | | |
| | Claim that "The principal building at 10 Burnett Passway Fitchburg MA is being used as a rooming/boarding house and such use is prohibited under Section 181.33 Subsection A. 5 under Residential C District of the City ofFitchburg Zoning Ordinance and Map, [Exhibit 2]" | Two or More Priors | $102,606.00 |
| | Claim that "On December 5, 2013, the Building Commissioner issued a cease and desist letter to the Defendant. [Exhibit 3]" | Two or More Priors | $102,606.00 |
| | Claim that "The Defendant has failed to comply with the notice issued by the Building Commissioner and has failed to file an appeal on the decision" | Two or More Priors | $102,606.00 |
| | Claim that "the Defendant is in violation of the City of Fitchburg's Zoning ordinance Section 181.33 Subsection A.5 and such use shall immediately cease and Defendant is responsible for costs and attorney's fees" | Two or More Priors | $102,606.00 |
| 3.18.14 | City of Fitchburg Preliminary Injunction Filing through Building Commissioner - Burnett St. | | |
| | Action sought: "A Preliminary Injunction to order the Defendant to cease and desist the current use of a rooming/boarding house at 10 Burnett Street, Fitchburg MA" | Two or More Priors | $102,606.00 |
| | Action sought: "Award attorney's fees and costs and such other and further relief as the court deems necessary, just, and proper." | Two or More Priors | $102,606.00 |
| 2.20.15 | City of Fitchburg Fire Prevention Bureau Letter, $1,000 fine, initiate sprinkler installation deadline of 3.1.15 | | |
| | On or about July 10, 2014, you received a correspondence from our Department concerning the requirement of installing a sprinkler system under M.G.L. c. 148 § 26H. | Two or More Priors | $102,606.00 |
| | In that letter, the Fitchburg Fire Department provided you notification on the appeal period, as well as allowed you Six (6) months to commence and install the system. As of this date, you have not complied with the installation of the sprinkler system. Due to your failure in installing the system, you are fined $l,000 as a Penalty under M.G.L. c. 148 § 27. | Two or More Priors | $102,606.00 |
| | The Department still insists that you install an approved sprinkler system, since you are considered a lodging or boarding house with six or more individuals residing in the facility. | Two or More Priors | $102,606.00 |
| 4.2.15 | City of Fitchburg Filed Court Complaint through Fire Department - Garnet St. | | |
| | Claim that "The subject property is defined as a lodging house; Since the property "proposes to house a good number of unrelated men [individuals] in a non-institutional setting, in a residential neighborhood, in a house with many bedrooms ..." Massachusetts Sober Housing Corporation v. Automatic Sprinkler Appeals Board, 66 Mass.App. Ct. 701 (2006)   pg. 708." | Two or More Priors | $102,606.00 |
| | Claim that "On February 20, 2015, another letter was sent to the Defendant concerning the non-compliance of the sprinkler system | Two or More Priors | $102,606.00 |
| | Action: "imposed a $1,000 fine under G.L. c. 148 § 27 as attached as Exhibit 4. " | Two or More Priors | $102,606.00 |

| Date | Item | | Priors | Amount |
|---|---|---|---|---|
| 2.24.20 | **City of Fitchburg Lodging House Letter\*** | | | |
| | The City of Fitchburg has recently revised and streamlined its lodging house application and process. You may not be aware, until just recently, lodging houses were required to obtain a license from the Board of Health AND a license from the Fitchburg License Commission. We have now combined these two separate lodging house applications and a new short-term rental process into one application. | | Two or More Priors | $105,194.00 |
| 8.11.20 | **City of Fitchburg Civil Contempt Summons\*** | | | |
| | Claim: "The property was the subject of a Complaint filed by Plaintiff due to violations of M.G.L. ch.148, sec 26E and 26C and for failure to have the proper smoke detectors fire alarm panel and sprinklers." | | Two or More Priors | $105,194.00 |
| | Action: "On June 22, 2015 the city filed a contempt action against the defendant for his failure to abide by the May 1, 2015 order." | | Two or More Priors | $105,194.00 |
| | Claim: "Defendant has failed to apply for the required permits and failed to install the required safety equipment." | | Two or More Priors | $105,194.00 |
| | Action: "WHEREFORE, in accordance with Mass.R.Civ.P. 65.3(b), the Plaintiff request this Court's approval of the following: | | | |
| | 1. For the issuance of a Summons and Complaint, directing the Defendant to appear in court and answer this complaint at a hearing scheduled as soon as counsel may be heard; | | Two or More Priors | $105,194.00 |
| | 2. To award Plaintiff costs, expenses and reasonable attorney's fees for the time spent preparing and arguing this Complaint for Contempt; | | Two or More Priors | $105,194.00 |
| | 3. To Order the Defendant to vacate all of the apartments until such time as the defendant obtained the proper permits and installs the required smoke detectors, fire panels and sprinkler system and obtains an inspection and certificate of approval from the Fire Department. | | Two or More Priors | $105,194.00 |
| | *Adjustment for Civil Monetary Penalty Amounts for 2019 - Department of Housing and Urban Development 24 CFR Parts 28, 30, 87, 180, and 3282. | | | |
| 10.21.20 | **Estimated Total** | | | **$2,082,993.00** |

2) Further, Defendants are seeking fines of at least $3,000.00 and attorney's fees for the City of Fitchburg's Assistant Solicitor Donna P. Pawlak of $300.00 per hour. We request that these fines and charges be cancelled.

3) Since 2013, we have personally spent over $20,000.00 in attorney's fees defending ourselves against these various violations.

4) The law seems clear that ignorance of the violations does not excuse liability. Therefore, in lieu of any further damages, we respectfully request that mandatory Fair Housing Act training be required of senior administrators employed by the City of Fitchburg including the those within its Fire Department, Building Department, Legal Department, Health Department and Licensing Commission in addition to the Massachusetts Fire Safety Commission's Automatic Sprinkler Appeals Board.

## VI.   Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.   For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:          10.21.20

Signature of Plaintiff
Printed Name of Plaintiff       Jeffrey D. Summers

### B.   For Attorneys

Date of signing:

Signature of Attorney
Printed Name of Attorney
Bar Number
Name of Law Firm
Street Address
State and Zip Code
Telephone Number
E-mail Address

Print     Save As...     Add Attachment     Reset